Constantino Altamirano RUIZ,
Petitioner—Appellant,

v.

Larry E. SCRIBNER, Warden,
Respondent—Appellee.

No. 07–17128.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2009.*

Filed May 21, 2009.

Ronald C. Tyler, Assistant Federal Public Defender, FPDCA–Federal Public Defender's Office, San Francisco, CA, for Petitioner–Appellant.

Jeremy Friedlander, Deputy Attorney General, AGCA–Office of the California Attorney General, Jill M. Thayer, Esquire, Deputy Attorney General, AGCA–Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: SCHROEDER and D.W. NELSON, Circuit Judges, and MARSHALL,** District Judge.

## MEMORANDUM ***

Petitioner Constantino Altamirano Ruiz appeals the denial of his petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"A district court's decision to grant or deny a petition for habeas corpus under 28 U.S.C. § 2254 is reviewed de novo." *Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.2000). Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a habeas petition

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Consuelo B. Marshall, Senior United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d)(1).

In *Crawford v. Washington,* the United States Supreme Court held that the Sixth Amendment Right of Confrontation applies to all "testimonial" out-of-court statements, but explicitly stated that "the rule of forfeiture by wrongdoing (which we accept) extinguishes confrontation claims on essentially equitable grounds." 541 U.S. 36, 62, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (citing *Reynolds v. United States,* 98 U.S. 145, 158–59, 25 L.Ed. 244 (1879)). In *Reynolds,* the only Supreme Court decision to have addressed this exception at the time of the state decision, the Supreme Court generally held that the Sixth Amendment Right of Confrontation did not apply against witnesses absent because of a defendant's own wrongful procurement. 98 U.S. at 158. Both *Crawford* and *Reynolds,* however, used general language and cited to broad equitable principles. *See Crawford,* 541 U.S. at 62, 124 S.Ct. 1354; *see also Reynolds,* 98 U.S. at 158. Neither expressly discussed whether a defendant who kills a witness without intending to silence her also forfeits his right of confrontation. *See Crawford,* 541 U.S. at 62, 124 S.Ct. 1354; *see also Reynolds,* 98 U.S. at 158.

Before the Supreme Court resolved this question, there was also considerable confusion among the lower courts regarding whether an "intent-to-silence" was required by the Constitution for the forfeiture exception to apply. *Compare United States v. Houlihan,* 92 F.3d 1271, 1279–80

(1st Cir.1996), *with State v. Mona Her,* 750 N.W.2d 258, 269–74 (Minn.2008) *and United States v. Garcia–Meza,* 403 F.3d 364, 369–71 (6th Cir.2005).

Although the California Court of Appeals' holding was ultimately erroneous, *see Giles v. California,* 554 U.S. ——, 128 S.Ct. 2678, 2684, 171 L.Ed.2d 488 (2008), in light of the circuit split and silence of the Supreme Court, it was neither contrary to nor an unreasonable application of the Supreme Court's holdings at that time. *See, e.g., Carey v. Musladin,* 549 U.S. 70, 77, 127 S.Ct. 649, 166 L.Ed.2d 482 (2006). Under the AEDPA standard of review, Ruiz is not entitled to relief. Because we find no error, we need not decide whether the admission of the statement was also harmless.

**AFFIRMED.**